**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United American Industries, Inc., | ) | No. CV-06-1833-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Cumberland Packing Corp., | ) | |
| Defendant. | ) | |

The court has before it defendant's motion to dismiss (doc. 7), plaintiff's response (doc. 12), and defendant's reply (doc. 13).

**I**

Since October 2001, plaintiff United American Industries, Inc. has been selling low-calorie dietary food and natural sweetener products using the Sweet & Slender trademark, registration number 1221390. In October 2003, the United States Patent and Trademark Office (USPTO) cancelled Reg. No. 1221390 when plaintiff failed to renew the registration. Plaintiff then filed new applications for registration of the Sweet & Slender mark on July 11 and 12, 2006. On June 14, 2006, defendant Cumberland Packing Corporation, which sells a sugar substitute product under the brand name Sweet'n Low, filed an application to register the mark "Sweet'n Slender" with the USPTO. Plaintiff then filed this action claiming that defendant's threatened use of the Sweet'n Slender mark violated the Lanham Act and

common law unfair competition and trademark infringement, and seeking a declaration of its rights pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

Defendant moves to dismiss count I (Lanham Act) and count II (common law unfair competition and trademark infringement) pursuant to Rule 12(b)(6), Fed. R. Civ. P., and to dismiss count III (Declaratory Judgment Act) pursuant to Rule 12(b)(1), Fed. R. Civ. P.[1] Based on the following, we conclude that plaintiff's cause of action is premature, and therefore we grant defendant's motion to dismiss without prejudice (doc. 7).

## II

We first consider plaintiff's claim under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), seeking judgment "declaring its rights in the Sweet & Slender trademark and its rights with respect to [defendant's] threatened use of the Sweet'n Slender designation." Complaint ¶ 48. Defendant moves to dismiss count III for lack of subject matter jurisdiction, asserting the absence of an actual controversy.

Federal jurisdiction over declaratory judgment claims extends only to "actual controversies" between interested parties. 28 U.S.C. § 2201(a). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 62 S. Ct. 510 512 (1941). "The requirement of actual controversy encompasses concepts such as ripeness, standing, and the prohibition against advisory rulings." BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 977 (Fed. Cir. 1993). As applied to declarations of patent and trademark

---

[1] Although defendant moves to dismiss counts I and II pursuant to Rule 12(b)(6), Fed. R. Civ. P., both parties have submitted declarations in support of their positions. We decline to consider either declaration or to convert the motion to one for summary judgment pursuant to Rule 12(b). We note, however, that unlike a 12(b)(6) motion, a court may consider declarations or other extra-pleading evidence when considering a motion under Rule 12(b)(1). United States v. LSL Biotechnologies, 379 F.3d 672, 700 n.13 (9th Cir. 2004). Therefore, we consider the parties' declarations regarding the Rule 12(b)(1) motion to dismiss count III only.

1 rights, a plaintiff must demonstrate, in part, the alleged infringer's "present activity which
2 could constitute infringement or concrete steps taken with the intent to conduct such
3 activity." Id. at 978; see also Lang v. Pacific Marine & Supply Co., 895 F.2d 761, 764 (Fed.
4 Cir. 1990) (plaintiff must show infringer is "making, selling, or using" infringing product or
5 "making meaningful preparation for such activity").

6       Here, plaintiff fails to demonstrate defendant's present activity of infringement or
7 concrete steps taken with intent to conduct such activity. Instead, it relies on (1) defendant's
8 statements that it "was interested . . . in acquiring rights to the Sweet & Slender trademark,"
9 and "was preparing to bring to market a new sweetener and sugar substitute product under
10 the Sweet'n Slender" mark, Oney Declaration ¶ 3; (2) defendant's application to register the
11 Sweet'n Slender mark with the USPTO; and (3) defendant's refusal to abandon the Sweet'n
12 Slender mark.

13       Defendant submits an declaration in which it states that it is only "considering the
14 possibility of introducing a new sugar substitute product under the name 'Sweet'n Slender,'"
15 Eisenstadt Declaration ¶4, but is also "considering using other trademarks for the same
16 product and the final decision as to which trademark will be used has not as yet been made."
17 Id. ¶ 5. Moreover, defendant states that it has not "begun to use the Sweet'n Slender and
18 Design mark in connection with any product . . . [nor] taken any steps to sell, transport,
19 distribute, market or advertise . . . any products or samples of products using the Sweet'n
20 Slender" mark. Id. ¶ 7.

21       Without a showing of any present activity of infringement or concrete steps taken
22 toward such activity, plaintiff fails to establish an actual case or controversy. Neither
23 defendant's stated intention to use the Sweet'n Slender designation, nor its application for
24 registration of the mark is sufficient to support a declaratory judgment action. See Fila
25 Sport, S.p.A. v. Diadora Am., Inc., 141 F.R.D. 74, 75 (N.D. Ill. 1991) (holding that "the mere
26 filing of an intent-to-use application . . . does not confer jurisdiction on the federal courts"
27 where "there is no use of the marks in interstate commerce"). Accordingly, we grant
28 defendant's motion to dismiss count III without prejudice.

**III**

For the same reasons, we conclude that plaintiff's claims in counts I (Lanham Act) and II (common law unfair competition and trademark infringement) are premature and appropriately dismissed.[2]

In order to establish a claim under the Lanham Act, a plaintiff must show that defendant "used [plaintiff's] trademark in commerce and that the use was likely to confuse customers as to the source of the product." Karl Storz Endoscopy America, Inc. v. Surgical Techs., Inc., 285 F.3d 848, 853 (9th Cir. 2002) (alterations omitted); 15 U.S.C. § 1125(a)(1). The Act defines "use in commerce" as occurring when the subject mark is "placed in any manner on the goods . . . and . . . the goods are sold or transported in commerce." 15 U.S.C. § 1127.

Plaintiff does not allege that defendant has actually used the Sweet'n Slender mark in commerce. Instead, it argues that a Lanham Act claim can arise prior to defendant's actual use of the trademark in commerce "if the threatened act of the defendant is imminent and impending." Response at 5. However, plaintiff cites no case that supports this broad proposition. Its reliance on Standard Oil Co. of N.M., Inc. v. Standard Oil Co. of Cal., 56 F.2d 973 (10th Cir. 1932), is unavailing because it predated the enactment of the Lanham Act and does not examine "use in commerce" as defined by the Act. Nor does Maritz, Inc. v. Cybergold, Inc., 947 F. Supp. 1338 (E.D. Mo. 1996), stand for the proposition that "threatend use" alone is sufficient to satisfy the "use" prong of the Lanham Act. In contrast to the present case, the alleged infringer in Maritz had "expended considerable effort in the development of its internet service under the [infringing] mark, . . . made releases to the national press using the [infringing] mark, . . . [and] numerous contacts and solicitations to potential . . . customers." Id. at 1339.

---

[2] The parties treat the claims raised in counts I and II as identical, and accordingly our discussion applies to both counts.

1  Instead, courts have required more than an intent or threat to infringe in order to
2  demonstrate "use in commerce" under the Lanham Act. <u>See, e.g.</u>, <u>Bertolli USA, Inc. v.
3  Filippo Bertolli Fine Foods, Ltd.</u>, 662 F. Supp. 203, 205 (S.D.N.Y. 1987) (holding that
4  transportation of infringing goods in commerce is sufficient "[t]o meet the definition of 'use
5  in commerce' "); <u>Lang</u>, 895 F.2d at 766 (holding that "until the [product] was completed,"
6  plaintiff could not "allege that the [product] had entered into commerce"); <u>NTN
7  Communications v. Interactive Network, Inc.</u>, 1995 WL 569419, at *2 (N.D. Cal. Aug. 17,
8  1995) (dismissing claim because there was no allegation that defendant had "already taken
9  steps to begin marketing its infringing product").

10  Plaintiff alleges that defendant "has taken steps to begin marketing the infringing
11 product," <u>Response</u> at 6, as evidenced by (1) its statements that it "was interested in acquiring
12 the rights to the Sweet & Slender mark," <u>Complaint</u> ¶ 18, and that it "was ready to launch a
13 new artificial sweetener and/or sugar substitute and wanted to use the designation Sweet'n
14 Slender as the trademark for the new product," <u>id.</u>; (2) its application to register Sweet'n
15 Slender with the USPTO, <u>id.</u> ¶ 20; and (3) its refusal to withdraw its application for
16 registration of the Sweet'n Slender mark, <u>id.</u> ¶ 34. Without more, these expressions of
17 intention are insufficient to constitute "use in commerce" as required by the Lanham Act.
18 We conclude that plaintiff's claim is premature and therefore we grant defendant's motion to
19 dismiss counts I and II without prejudice.

20  **IV**

21  Based on the foregoing, **IT IS ORDERED GRANTING** defendant's motion to
22 dismiss this action without prejudice (doc. 7).

23  DATED this 4th day of January, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge